IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

PAULSON V. HAMELIN-PAULSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JEREMY PAULSON, APPELLEE,

V.

TERRI HAMELIN-PAULSON, APPELLANT.

Filed April 14, 2020.    No. A-19-686.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

James Walter Crampton for appellant.

Nancy R. Shannon, of Cordell Law, L.L.P., for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Terri Hamelin-Paulson appeals the order of the district court for Douglas County which dissolved her marriage to Jeremy Paulson and divided the marital estate. She claims that the court abused its discretion in failing to award her $38,000 she claims she spent on improvements to Jeremy's premarital residence. We find no abuse of discretion and therefore affirm the district court's order.

### BACKGROUND

The parties were married in October 2016. In June 2018, Jeremy filed a complaint for dissolution of the marriage. The sole issue at trial revolved around a residence that Jeremy owned prior to the marriage. Jeremy testified that he purchased the home in 2000, and the value of the residence in 2016 was $80,400. In 2018, the value of the home had increased to $90,900.

- 1 -

The parties made significant repairs and improvements to the home during the marriage. Terri and Jeremy agreed that they provided most of the labor for the work that was done, but they disagreed on who paid for the work. Terri offered into evidence a list of all of the upgrades and improvements she claims she paid for on Jeremy's home. She estimated that the total amount she spent on the improvements was $38,000 and explained that these funds came from life insurance proceeds she received after the death of her previous husband.

Jeremy disagreed that Terri provided virtually all of the money used to renovate his home, testifying that he paid for "quite a bit" of the improvements but could not recall specifically who paid for what. He was asked about the list Terri created, and he said that he did not agree that she paid for everything included on the list. He reiterated that while he could not remember who paid for which improvements, they both contributed to the costs and he "paid for a lot of [the work] on credit cards."

After trial, the district court entered findings of fact and the decree dissolving the marriage. The court found that the value of Jeremy's residence at the time of the marriage was $80,000 and that its value in 2018 was $90,900. The court noted Terri's testimony that she spent $38,000 of her premarital money on repairs and improvements to the residence and observed that Jeremy agreed that money was spent on the residence but that he did not agree to the amount Terri claimed she spent. The court noted that there was no evidence that the cost of the repairs and improvements was fair and reasonable; nevertheless, it found that the value of the house had increased during the marriage by $10,900. Thus, assuming that the residence had not appreciated on its own and that the sole reason for the appreciation was the repairs and improvements, the court classified the increase in value as a marital asset and divided it equally between the parties, awarding each party $5,450. The court also awarded Jeremy $590 in attorney fees, and therefore, after deducting the attorney fees from Terri's half of the marital value of Jeremy's residence, Jeremy was ordered to pay $4,860 to Terri. Terri appeals.

ASSIGNMENT OF ERROR

Terri assigns that the district court abused its discretion in failing to award an equitable division of property which should have restored to her the money she spent improving Jeremy's residence.

STANDARD OF REVIEW

In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees. *Burgardt v. Burgardt*, 304 Neb. 356, 934 N.W.2d 488 (2019). In a review de novo on the record, an appellate court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue. *Id*. However, when evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Id*. A judicial abuse of discretion exists if the

reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## ANALYSIS

Terri argues that the district court's division of property was an abuse of discretion. She claims that she spent $38,000 of her premarital money to renovate Jeremy's property, and because Jeremy did not dispute her testimony, she should have been awarded an interest in the residence of $38,000. We find no abuse of discretion in the district court's division of property.

Equitable property division under Neb. Rev. Stat. § 42-365 (Reissue 2016) is a three-step process. *Stephens v. Stephens*, 297 Neb. 188, 899 N.W.2d 582 (2017). The first step is to classify the parties' property as marital or nonmarital. *Id*. The second step is to value the marital assets and determine the marital liabilities of the parties. *Id*. The third step is to calculate and divide the net marital estate between the parties in accordance with the principles contained in § 42-365. *Stephens v. Stephens, supra*.

The third step of the process is at issue in the present case, because Terri assigns that the district court's division of property was inequitable. She argues that the only equitable division of property would be one that restores to her the $38,000 she invested into Jeremy's residence. She does not argue that her contributions to the home were significant and therefore the home should have been classified as marital property; rather, she limits her argument to the division of the marital estate. We therefore do the same.

Terri's argument assumes that the district court found her evidence that she paid for $38,000 worth of improvements to Jeremy's residence to be credible. She claims that the evidence of her contribution was undisputed and that "Jeremy had no recollection of who paid for anything but did not deny that Terri paid for all the home projects." Brief for appellant at 4. Her claim is not supported by the record, however. Jeremy testified that he "wholeheartedly" disagreed with Terri's assertion that she provided virtually all of the money used to renovate his home. He was later again asked whether he agreed that Terri paid for the rehabilitation to the home, and he responded, "I do not agree with that." Jeremy acknowledged having seen the list Terri created of the work she claimed to have paid for, and he said that he disagreed that she provided all of those things for his house. He claimed multiple times that he could not recall who paid for which improvements but that both he and Terri had contributed toward the costs. He claimed that he paid for "quite a bit" of the work and that he put "a lot" of the costs on his credit cards. We therefore do not agree with Terri's assertion that the evidence of her contribution of $38,000 was undisputed.

The district court's order also indicates that it did not find Terri's estimate to be credible. The court's order notes Terri's testimony and figure of $38,000 as well as Jeremy's testimony to the contrary. The district court recognized the conflicting testimony and also observed that at the time Terri "incurred whatever amounts that she paid for these repairs and improvements," she was married to Jeremy and did not request any type of loan from him nor was there evidence that the costs of the improvements were fair and reasonable. The court also recognized that Terri requested that she receive the entire $38,000 back from Jeremy, but it elected not to award her the amount she sought.

When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Burgardt v. Burgardt*, 304 Neb. 356, 934 N.W.2d 488 (2019). Given the conflict in the testimony here, we give weight to the district court's finding that Jeremy's testimony regarding who paid the costs of the home improvements was more credible than Terri's. As such, the court did not abuse its discretion in declining to award $38,000 to Terri.

To the extent Terri claims that she was entitled to a larger share than half of the $10,900 of the appreciation in the home to compensate her for her contributions to the home's improvements, we disagree. Neither party disputes that although Jeremy owned the home prior to the marriage, the appreciation in the value of the home that occurred during the marriage was properly classified as a marital asset. See *White v. White*, 304 Neb. 945, 937 N.W.2d 838 (2020) (appreciation of nonmarital asset caused by marital contributions constitutes marital property). Thus, the question for the district court was how to divide the $10,900 in appreciation equitably between the parties.

The purpose of a property division is to distribute the marital assets equitably between the parties. *Osantowski v. Osantowski*, 298 Neb. 339, 904 N.W.2d 251 (2017). In dividing property and considering alimony upon a dissolution of marriage, a court should consider four factors: (1) the circumstances of the parties, (2) the duration of the marriage, (3) the history of contributions to the marriage, and (4) the ability of the supported party to engage in gainful employment. *Id*. In addition to the specific criteria listed in § 42-365, in dividing property and considering alimony upon a dissolution of marriage, a court should consider the income and earning capacity of each party and the general equities of the situation. *Osantowski v. Osantowski, supra*. As a general rule, a spouse should be awarded one-third to one-half of the marital estate, the polestar being fairness and reasonableness as determined by the facts of each case. *Id*.

Here, Jeremy purchased the residence in 2000, and he and Terri were married for less than 2 years. The evidence indicates that the parties both contributed to the marriage. The parties lived in Jeremy's residence after they got married. Jeremy was in the military, and during the marriage, he was receiving disability benefits due to an injury. He paid the household bills. Terri contributed either $400 or $600 per month to the bills, paid for their groceries and internet, and provided her own insurance.

Regarding Jeremy's premarital residence, the parties agreed that they jointly worked to make improvements on the home. Terri claimed that she paid for all of the improvements, at a total cost to her of $38,000. Jeremy disputed Terri's claim, stating multiple times that he could not recall who paid for which improvements but that they both contributed to the costs. There was no evidence as to the total cost of all of the work that was done on the home; rather, the evidence showed only that the value of the home increased by $10,900. The district court recognized the parties' conflicting testimonies and referred to "whatever amounts" Terri paid for the improvements, an indication that the court did not find Terri's estimate that she spent $38,000 to be credible.

We also note that Jeremy submitted evidence of a total of $17,138 of debt in his name that he asked the court to classify as marital property and divide between the parties. He also requested that the appreciation on his residence be offset against that debt. The district court, however, declined Jeremy's request and instead ordered that each party pay the debts in his or her name.

Given the foregoing evidence, we find that the district court did not abuse its discretion in dividing the appreciation of Jeremy's nonmarital residence equally between the parties.

CONCLUSION

We find no abuse of discretion in the district court's decision to divide the appreciation of Jeremy's residence equally between the parties and to decline to award Terri the $38,000 she sought. The court's order is therefore affirmed.

AFFIRMED.